# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD COX, individually; VICTOR COX, individually; ADAM COX, individually, by and through is durable power of attorney, VICTOR COX,<br><br>                       Plaintiffs,<br><br>v.<br><br>AMETEK, INC.; THOMAS DEENEY; and DOES 1 through 100, inclusive,<br><br>                       Defendants. | Case No.: 3:17-cv-01211-GPC-AGS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>**[ECF No. 37]** |

Before the Court is a motion for determination of good faith settlement filed by Plaintiffs Ronald Cox, Victor Cox, and Adam Cox. (ECF No. 37.) Defendants Ametek, Inc., and Thomas Deeney filed a response to the motion on February 23, 2018 (ECF No. 39), and Plaintiffs filed a reply on March 2, 2018 (ECF No. 40). For the reasons set forth below, the Court concludes that any determination of the good faith nature of this settlement would be merely advisory, and therefore DENIES the motion WITHOUT PREJUDICE.

**I.    Background**

This case is one of four related cases involving groundwater contamination. *See*

*Trujillo, et al. v. Ametek, Inc., et al.*, No. 3:15-cv-1394 (S.D. Cal.); *Greenfield MHP Assocs., L.P., et al. v. Ametek, Inc., et al.*, No. 3:15-cv-1525 (S.D. Cal.) ("*Greenfield*"); *Cox, et al. v. Ametek, Inc., et al.*, No. 3:17-cv-597 (S.D. Cal.) ("*Cox I*"); *Cox, et al. v. Ametek, Inc., et al.*, No. 3:17-cv-1211 (S.D. Cal.) ("*Cox II*"). The complaints in these four cases allege that while Ametek owned and operated an aerospace parts manufacturing facility in El Cajon, California, it placed its waste in an underground sump on the facility property. The waste allegedly breached the sump and created a massive plume of groundwater contamination extending beyond the facility property. According to the complaints, the plume extends underneath an elementary school and three mobile home parks. In this case, three sons of Arla Cox—a deceased resident of one of the mobile home parks—assert a wrongful death action against Ametek and Deeney. (ECF No. 1.) In short, Plaintiffs contend that the contamination plume caused their mother's death.

On August 4, 2017, Plaintiffs moved to amend their complaint so as to add Senior Operations, LLC ("Senior"), the current owner of the facility property, as a defendant. (ECF No. 12.) The Court granted the motion to amend on October 24, 2017. (ECF No. 33.) Plaintiffs have not yet filed that amended complaint, however, because they have been engaged in settlement negotiations with Senior. (ECF No. 37-1 at 5.) According to Plaintiffs, if the Court grants the instant motion, they will not file an amended complaint. (*Id.*) As a result, Senior is not currently named as a defendant in this case.

**II. Discussion**

According to the motion, Plaintiffs and Senior have "entered into a Settlement Agreement and Release whereby Senior has agreed to pay Plaintiffs $50,000 and Plaintiffs have agreed to release all claims that they have or may have against Senior." (ECF No. 37-1 at 2.) This settlement, however, "is contingent upon Court approval of the settlement agreements in" all four of the related cases. (*Id.*) Senior has reached a similar agreement with the plaintiffs in *Greenfield*: the plaintiffs and Senior have agreed to settle that case, but only if settlements are reached and approved in all four of these

related cases. *See* No. 3:15-cv-1525 (S.D. Cal.), ECF No. 164-1 at 2.

In light of the contingency that *all four* cases reach settlement before the settlement in this case is effective, Ametek and Deeney argue that the instant motion is premature. Because "*Trujillo* and *Cox I* are putative class actions in which classes have not been certified," and Plaintiffs and Senior "have yet to reduce their agreement to writing" in those cases, Ametek and Deeney argue that a determination of good faith as to the settlement in this case, at this time, would serve no purpose. (ECF No. 39 at 2.) They explain that before it approves any settlement in either class action, the Court will have to consider issues relating to certification, which Ametek and Deeney intend to oppose. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context"). Ametek and Deeney therefore request that that this Court "postpone entering a good faith determination until after the class certification issues have been resolved, such that those settlements have final terms and the global settlement can be fully and fairly evaluated." (ECF No. 39 at 4.)

The Court agrees with Ametek and Deeney that a finding of good faith at this juncture would be premature and serves no purpose beneficial to any of the interested parties. As the motion indicates, the settlement in this case will not become effective until settlements are approved in the other three actions, including the two putative class actions in which no proposed settlement has yet been offered to the Court. A determination, today, that the terms of this proposed settlement were reached by good faith efforts would be subject to change depending on the outcomes of the settlement efforts in the other cases. In other words, any determination of good faith as to the settlement presented in this motion would be merely advisory.

### III. Conclusion

The Court finds no reason to issue an advisory determination as to the good faith nature of a settlement that is conditioned on future events. As a result, the motion for determination of good faith settlement is DENIED without prejudice.

3

**IT IS SO ORDERED.**

Dated: March 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge